FILED
**United States Court of Appeals
Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**December 19, 2023**

**Christopher M. Wolpert
Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL ALLEN FARRIS,

    Defendant - Appellant.

No. 23-7009
(D.C. No. 6:21-CR-00077-TDD-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **MORITZ**, Circuit Judges.[**]
_____

For three months, 46-year-old Michael Farris engaged in numerous sexual acts with 13-year-old L.F.  The sexual relationship came to light after L.F. discovered she was pregnant.  She identified Mr. Farris as the father.  Shortly after, he confessed to law enforcement that he had sexual intercourse with L.F. regularly throughout the summer of 2019.  Mr. Farris was charged with five counts of sexual abuse of a minor.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.

A jury convicted Mr. Farris on all five counts.  He challenges his convictions on three of these counts, arguing the jury should have been instructed that it must agree unanimously on a specific act of sexual abuse for each count.  Mr. Farris did not request this instruction, nor did he object to the instructions that were given.  Exercising jurisdiction under 28 U.S.C. § 1291, and reviewing for plain error, we affirm.

## I.  BACKGROUND

### A.  *Factual History*

Mr. Farris and L.F. first had sexual intercourse around her 13th birthday when he was 46.  For three months, Mr. Farris regularly had sex with L.F.  After L.F. discovered she was pregnant, she was interviewed at the Children's Advocacy Center.  During that interview, she named Mr. Farris as the father of her child.  Investigator Cynthia Smith contacted Mr. Farris, who agreed to speak with her.

During a recorded interview with Investigator Smith, Mr. Farris confessed to having sex with L.F. for three months during the summer of 2019.  *See* Suppl. ROA, Vol. II, Ex. 1.  He further admitted that:

- He and L.F. first had sex around June 15 or 17, 2019.  *Id.* at 10:24:48-10:25:32.[1]

- "Once it started," they would have sex "at least . . . every other day . . . all the way until [he] started working" the first week of August, and then "it would be on the weekends."  *Id.* at 10:04:41-10:06:35.  When Mr. Farris was working, he was home on Friday nights, Saturdays, and Sundays until

---

[1] The video recording of Investigator Smith interviewing Mr. Farris contains two different timestamps.  Both parties use the timestamp in the upper lefthand corner, so we do the same.

"after church." *Id.* at 10:06:57-10:07:09.

- Mr. Farris said some nights they had sex multiple times, up to four times in one night. *Id.* at 10:09:42-10:10:02.

- The last time they had sex was August 17, 2019. *Id.* at 10:11:50-10:12:10.

- He knew L.F. was pregnant but continued to have sexual intercourse with her because "the damage was done." ROA, Vol. IV at 60.

- The sex stopped only when their parents found out L.F. was pregnant. *Id.* at 39.

L.F. gave birth to a baby girl in February 2020. DNA testing confirmed Mr. Farris was the father.

### B. *Procedural History*

### 1. **Indictment**

Mr. Farris was indicted on five counts of sexual abuse of a minor under 18 U.S.C. §§ 1151, 1153, 2243(a), and 2246(2)(A). Each count covered a different timeframe:

| | |
|---|---|
| Count One | June 1, 2019, through June 22, 2019 |
| Count Two | June 23, 2019, through July 6, 2019 |
| Count Three | July 7, 2019, through July 21, 2019 |
| Count Four | July 22, 2019, through August 4, 2019 |
| Count Five | August 5, 2019, through August 19, 2019 |

Otherwise, the counts were identical. Each count of the indictment alleged that Mr. Farris:

knowingly engage[d] and attempt[ed] to engage in a sexual act as defined in Title 18, United States Code, Section 2246, to wit: [sexual intercourse with the victim], a person who had attained the age of 12 years, but had not attained the age of 16 years, and who was at least four years younger than [Mr. Farris] . . . .

ROA, Vol. I at 12.

2. **Trial**

a. *Evidence*

The case proceeded to a three-day trial. The prosecution played a 55-minute excerpt from the interview in which Mr. Farris confessed to having sex with L.F. It also called three witnesses: L.F; Investigator Smith; and Grace Helms, a criminalist with the Oklahoma State Bureau of Investigation.

L.F. testified that Mr. Farris first had sexual intercourse with her "[r]ight before [she] turned 13" or when she had "[j]ust turned 13," which was "in June of 2019." ROA, Vol. IV at 35, 38-39. Her thirteenth birthday was June 15, 2019. She also testified that after the first time Mr. Farris had sex with her, it happened "a lot," "every week," and "almost every day." *Id.* at 35-36.

Investigator Smith testified about what Mr. Farris said in his recorded interview with her. She said Mr. Farris told her that between May and August 2019, he had engaged in sexual acts with L.F. *Id* at 59-60. And she reported that Mr. Farris said he and L.F. had sexual intercourse "every other day when he was not working[, a]nd then, when he went back to work, it was every weekend." *Id.* at 63. The Government then played a 55-minute video excerpt of Investigator Smith's interview with Mr. Farris. *Id.*

at 64-66; *see also* Suppl. ROA, Vol. II, Ex. 1.  On cross-examination, Mr. Farris's counsel asked Investigator Smith to confirm that the "events, as [she] underst[oo]d them in this case, are encompassed between May of 2019 and August of 2019."  ROA, Vol. IV at 90.  She agreed that was "a reasonable approximation of [the] timeline."  *Id.*

Grace Helms testified that based on her analysis of the DNA from L.F., Mr. Farris, and the baby, she was "99.9 percent certain that Mr. Farris cannot be excluded as the biological father of the child."  *Id.* at 110-11.

The defense rested without presenting any additional evidence.

b.  *Jury instructions*

Neither party objected to the jury instructions.  *Id.* at 144-45.  The jury was not given an instruction that it needed to agree unanimously on a specific sexual act in support of each count.  ROA, Vol. I at 104-33.  But it was given instructions that required unanimity on each element of the crime and on each count of the indictment:

- "To find the defendant guilty of this crime as charged in the Indictment, you must be convinced that the government has proved each of the following essential elements beyond a reasonable doubt" including that "[t]he defendant knowingly engaged in a sexual act with L.F. on or about the dates charged in the specific count of the Indictment you are considering."  *Id.* at 125.

- The "verdict must be unanimous on each count of the Indictment."  *Id.* at 131-32.

c.  *Verdict and sentence*

The jury returned a guilty verdict on all five counts.  Mr. Farris was sentenced to five concurrent terms of 135 months in prison, followed by five concurrent terms of 15 years of supervised release.  Mr. Farris timely appealed.

## II. **DISCUSSION**

On appeal, Mr. Farris argues that, given the range of time charged in each count, the jury should have been "provide[d] . . . with a unanimity instruction to ensure that the jury agreed on the same criminal act in support of each count." Aplt. Br. at 1. But, as Mr. Farris concedes, in district court he "did not request a unanimity instruction, nor did he object to the instructions that were given." *Id.* at 6. We therefore review for plain error, and we affirm.

### A. *Standard of Review*

"When a party fails to preserve an issue, we review only for plain error." *United States v. Coulter*, 57 F.4th 1168, 1178 (10th Cir. 2023). "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b).

"Under plain error review, the appellant bears the burden to show the district court committed (1) error (2) that is clear or obvious under current law, and which both (3) affected [his] substantial rights and (4) undermined the fairness, integrity, or public reputation of judicial proceedings." *Coulter*, 57 F.4th at 1178 (quotations omitted). A failure to satisfy *any* part of the test requires us to hold there was no plain error. *See, e.g.*, *United States v. Mullins*, 613 F.3d 1273, 1283 (10th Cir. 2010) (defendant failed to show error "on the first step").

### B. *Analysis*

Even if Mr. Farris could succeed on the first two elements of plain error, he fails at the third element, which requires him "[t]o establish that an error affects [his] substantial

6

rights." *Coulter*, 57 F.4th at 1178 (quotations omitted).  To make this showing, "the appellant must show 'there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.'" *Id.* (quoting *United States v. Bustamante-Conchas*, 850 F.3d 1130, 1138 (10th Cir. 2017) (en banc)).  "An appellant facing overwhelming evidence of his guilt usually cannot establish a reasonable probability that an alleged error affected the outcome of the trial." *Id.* (quotations omitted).  Here, Mr. Farris cannot make this showing.[2]

The evidence of Mr. Farris's guilt was overwhelming.  On appeal, Mr. Farris challenges only Counts Two, Three, and Four.  *See* Aplt. Br. at 21 ("Michael Farris asks that his convictions in [*sic*] Counts Two, Three and Four be reversed . . . ."); *see also id.* at 7-9, 20.  He concedes he had sex with L.F. for the first time between June 1 and 22, 2019 (as alleged in Count 1), and for the last time between August 5 and 19, 2019 (as alleged in Count 5).  *Id.* at 7-8, 20.  The three date ranges in question here are:

---

[2] Mr. Farris argues if we "conclude[] that the error failed to affect the outcome of the district court proceedings, [we] must then determine whether the error was 'structural' in nature." Aplt. Br. at 20.  Before expanding the "extremely small" universe of structural errors, we have stringently considered several factors, including whether the error is constitutional, whether the defendant had counsel and an impartial judge, and whether the "resulting unfairness or prejudice is necessarily unquantifiable and indeterminate." *United States v. Gonzales-Huerta*, 403 F.3d 727, 734 (10th Cir. 2005) (en banc) (quotations omitted).  Mr. Farris does not address any of these factors or otherwise develop an argument on structural error.  We need not consider an argument "inadequately presented[] in an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

Count Two            June 23, 2019, through July 6, 2019

Count Three          July 7, 2019, through July 21, 2019

Count Four           July 22, 2019, through August 4, 2019

*See* ROA, Vol. I at 12-14.

At his interview, Mr. Farris confessed he had sexual intercourse with L.F. "at least every other day" until he started working, which was "in August." Suppl. ROA, Vol. II, Ex. 1 at 10:04:40-10:06:11. Assuming Mr. Farris started work August 1, 2019, he had sex with L.F. every other day during all of Count Two, all of Count Three, and ten days of Count Four. Further, Mr. Farris did not stop having sex with L.F. once he went back to work—they continued to have sex on the weekends. *Id.* at 10:05:50-10:05:57.

L.F. testified that after Mr. Farris first assaulted her, they had sex "a lot," "every week," and "almost every day." ROA, Vol. IV at 35. No one disputed L.F.'s credibility. Mr. Farris's attorney said to L.F., "I would like to start by saying that no one here is insinuating that you're not telling the truth." *Id.* at 44.

Mr. Farris's and L.F.'s mutually corroborating statements proved at least one act of sexual abuse occurred within the time frame of each challenged count.

Thus, if the jury had been instructed to agree unanimously on a particular instance of sexual assault within the date range of each count, there is no reasonable probability that the result of the trial would have been different.

## III. **CONCLUSION**

We affirm Mr. Farris's conviction on Counts Two, Three, and Four.


Entered for the Court



Scott M. Matheson, Jr.
Circuit Judge